Charlotte Hassett Hain, Esq. CSB#140285
524 Union Street #228
San Francisco, CA 94133
Tele: (310) 430-5058
hassettesq@gmail.com

Attorney for Plaintiff PATRICIA LYNN JENNNINGS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA LYNN JENNINGS, an individual<br><br>          Plaintiff,<br><br>     vs.<br><br>VICTOR VALLEY COMMUNITY COLLEGE DISTRICT; PETER ALLAN, an individual; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. LA CV 14 06893-SJO (RZx)<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES FOR:<br><br>1.  BREACH OF CONTRACT;<br>2.  DISCRIMINATION BASED ON GENDER<br>3.  VIOLATIONS OF EQUAL PAY ACT<br>4.  VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT<br>5.  SEXUAL HARASSMENT (42 U.S.C. Code §2000e);<br>6.  RETALIATION (42 U.S.C. §2000e);<br>7.  SEXUAL HARASSMENT (Cal. Gov. Code §12940 (j));<br>8.  RETALIATION (Cal. Gov. Code §12940 (h))<br>9.  FAILURE TO PREVENT HARASSMENT AND RETALIATION (Cal. Gov. Code §12940(i))<br><br>DEMAND FOR JURY TRIAL |

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

1

Plaintiff PATRICIA LYNN JENNINGS brings this action against Victor Valley Community College District ("VVCC") and Peter Allan, an individual, under the Equal Pay Act; Title VII of the Civil Rights Act of 1964; 42 U.S.C. §2000e, et seq., as amended; and Cal. Gov. Code §12940 for employment discrimination, sexual harassment and retaliation, and failure to prevent sexual harassment and retaliation, as well as breach of contract, as follows:

## THE PARTIES

1.     Plaintiff PATRICIA LYNN JENNINGS (hereinafter sometimes referred to as "Plaintiff" or "Prof. Jennings") is a resident of Los Angeles, California, a citizen of the United States of America, and  a member of the full time faculty of Victor Valley Community College.

2.     Defendant VICTOR VALLEY COMMUNITY COLLEGE DISTRICT ("VVCCD") is a local governmental agency organized under the laws of the State of California and is the governing body for the Victor Valley Community College District (hereinafter collectively referred to as "VVCCD") located in San Bernardino County, State of California.

3.     At all times relevant herein, Defendant PETER ALLAN was and is a resident of the State of California and the President/Superintendent of VVCCD.

4.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, inclusive and therefore sues said Defendants under said fictitious

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

2

names.   Upon learning the true names and capacities of said defendants, Plaintiff will seek leave of Court to amend this Second Amended Complaint to assert the true names and capacities of the fictitiously named defendants when the same have been ascertained.  Plaintiff is informed and believes and upon information and belief alleges that each of the fictitiously named Defendants is in some manner responsible for the events, happenings, occurrences, indebtedness, damages and liabilities hereinafter alleged and proximately caused injuries and damages thereby to Plaintiff, as hereinafter alleged.

5.     Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has, at all times relevant to this action, been an officer, agent, employee and/or representative of the remaining Defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the other co-defendant (s).

## JURISDICTION AND VENUE

6.     This case arises under the laws of the United States of America and presents federal questions within this Court's jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §2000e—5(f).

7.     All of the events complained of herein occurred in the jurisdiction of the United States District Court, Central District of California.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

8.    Plaintiff's claims for injunctive relief and equitable relief are authorized by 42 U.S.C. §2000e-5(g).

9.    Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. §1391(b).

10.    Plaintiff's state law claims for relief are within the supplemental jurisdiction of this Court, as authorized by 28 U.S.C. §1367.  Each of these state claims arise out of the same set of operative facts as do the aforesaid claims brought under the laws of the United States of America and form part of the same case or controversy.

11.    Plaintiff has exhausted her administrative remedies and has obtained her right to sue letters as described below.

## FACTUAL ALLEGATIONS

12.    On or about December of 1999, Plaintiff applied for the position of Adjunct Faculty in Counseling or Psychology disciplines at VVCCD including documentation of her BA in Psychology, her MA in Clinical Psychology, and her California Marriage and Family Therapist license.  A true and correct copy of Plaintiff's 1999 application is attached hereto as Exhibit "1" and incorporated herein by reference as if set forth in full.

13.    On or about December 8, 1999, VVCCD hired Plaintiff as a part-time temporary employee to teach Developmental Psychology starting January 1, 2000 to and including May 18, 2000.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

14.     Plaintiff's employment as a part-time temporary employee on an hourly basis continued through the summer 2000, spring 2001 and summer 2001 semesters.

15.     On or about February 15, 2001, VVCCD Human Resources analyst Kathleen Farrand assessed Plaintiff for her minimum qualifications for full time employment for the faculty service areas of Psychology and Counseling by noting a "Bachelor of Arts degree in Psychology, and Master of Arts degree in Clinical Psychology and Marriage and Child Counseling".  A true and correct copy of Faculty Minimum Qualifications (AB1725) intake form for Patricia Jennings dated February 15, 2001 is attached hereto as Exhibit "2" and incorporated herein by reference as if set forth in full.

16.     Kathleen Farrand's notations on the intake were incorrect in that Plaintiff has a Bachelor of Arts degree in Psychology, a Master of Arts degree in Clinical Psychology, *and* a California Board of Behavioral Sciences license in Marriage and Family Therapy. Although Prof. Jennings had submitted documentation of her California Marriage and Family Therapy License, Kathleen Farrand did not account for it in placing Prof. Jennings on the pay scale at Class 1, Step 1 at $37,500.00.  However, Kathleen Farrand did account for the license for the purposes of Prof. Jennings' meeting the qualifications for *two* separate service areas, those being counseling and teaching. A copy of the VVCCD Pay Schedule from 2000-2001 is attached hereto as Exhibit "3" and incorporated herein by reference as if set forth in full.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

17.    Had VVCCD accounted for her Marriage and Family Therapy license, Prof. Jennings would have been placed at Class V, Step 1, a difference of $12,000 a year at the time.

18.    According to Title 5 of the California *Code of Regulations* §53410.1, a license for a Marriage and Family Therapist is an alternative qualification for service as a community college faculty member in the discipline of Counseling.

19.    According to the <u>Minimum Qualifications for Faculty and Administrators in California Community Colleges and the Disciplines List</u>, Plaintiff qualified for teaching in the faculty service area of psychology with her Master of Arts in Clinical Psychology; and for Counseling, with her Bachelor of Arts in Psychology plus her Marriage and Family Therapy license.

20.    On or about February 14, 2002, Plaintiff received a memo from Human Resources announcing a full time faculty position in Psychology to which Plaintiff made an application, again submitting all of her education credentials, including her Marriage and Family Therapy license.

21.    On or about August 13, 2002, VVCCD incorrectly approved Plaintiff's employment at Class I, Step 2 at $42,800.00 per annum based on Kathleen Farrand's original erroneous assessment.

22.     Had Plaintiff's Marriage and Family Therapy license been acknowledged by Kathleen Farrand for placement on the pay scale, Plaintiff would have been placed at Class V, Step II at $53,150.00.

23.     In 2003, the VVCCD Board approved a two-year contract for Plaintiff.

24.     In 2005, the VVCCD Board approved Plaintiff for tenure.

25.     Over the course of these years, Prof. Jennings questioned her placement on the pay scale to which she received the answer from Debra Blanchard, the then Victor Valley Community College Faculty Association President/Victor Valley Community College Academic Senate President, and Peter Allen, the then Victor Valley Community College Faculty Association Grievance Chair and a licensed California attorney, that a Marriage and Family Therapist license did not account for anything.

26.     In her position of Academic Senate President, Debra Blanchard had the responsibility to know the "Disciplines List," the minimum qualifications for faculty and administrators in California community colleges, so the fact that Debra Blanchard deliberately misled Prof. Jennings to believe that the Marriage and Family Therapy license had no value to her placement had more to do with Debra Blanchard's jealousy of Prof. Jennings and Debra Blanchard's own intimate relationship with Peter Allan.

27.     Prof. Jennings, the only female in her department, noticed that all males in her department with the same credentials, or equivalent, made more money than she did.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

28.    Prof. Jennings sought advice from Human Resources in an effort to receive equal pay and Human Resources informed her that she could *only* be placed on Column V by way of "advancement" with a PhD degree.

29.    The males in Prof. Jennings' department on the higher pay scale did not have PhDs.

30.    In 2010, in reliance on Human Resources' representation, Prof. Jennings submitted a PhD  Degree Plan for approval.

31.    The PhD Plan was approved and Prof. Jennings spent $28,000.00 on the courses at North Central University.

32.    According to the manner in which Human Resources calculated her units, by July 13, 2010, her course work gave Prof. Jennings a BA plus 70.33 semester units and MA plus 21 semester units enough to move to Class II, but again failed to account for the Marriage and Family Therapy License.  A true and correct copy of an e-mail from Rocio Chavez to Prof. Jennings dated July 13, 2010 showing the calculations is attached hereto as Exhibit "4" and incorporated herein by reference as if set forth in full.

33.    During all her years at VVCC, Prof. Jennings also taught summer school. The Summer School pay is based on a percentage of the annual salary on the pay scale.

34.    Nonetheless, Prof. Jennings' efforts to bridge the pay gap both on the pay scale and compared to her male counterparts in her department proved to be exhausting.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

35.     On or about February 3, 2013, Prof. Jennings met with Fusako Yokotobi, the then-current Vice-President of Human Resources to question why her Marriage and Family Therapy license was not taken into account in her original *placement* on the pay scale.  Fusako Yokotobi advised Prof. Jennings to submit a request for verification of related work experience for equivalency process for *advancement*.   Prof. Jennings' Request For Verification Of Related Work Experience For Equivalency Process for Counseling dated February 4, 2013 is attached hereto as Exhibit "5" and incorporated herein by reference as if set forth in full.

36.     On February 8, 2013, Human Resources confirmed to Prof. Jennings that she "already met the minimum qualifications for counseling." A true and correct copy of the e-mail from Rocio Chavez,  Senior Analyst dated February 8, 2013 is attached hereto as Exhibit "6" and incorporated herein by reference as if set forth in full.

37.     Notwithstanding the fact that Prof. Jennings met the minimum qualifications for each service area of Counseling and Psychology upon her original employment, and VVCCD received the benefit of those qualifications, VVCCD refused to place and pay Prof. Jennings according to the <u>Minimum Qualifications for Faculty and Administrators in California Community Colleges and the Disciplines List</u>, as well as the VVCFA collective bargaining agreement.

/ / /

/ / /

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

38.     Prof. Jennings sought to confirm Debra Blanchard and Peter Allan's support for a Marriage and Family Therapist license "not counting for anything" and she found the opposite is true.

39.     In or about March of 2013, Prof. Jennings asked Peter Allan, when he was Vice President of Instruction, what to do about correcting her placement, notwithstanding the fact that he told her the Marriage and Family Therapist license has no weight, he suggested that she write a letter to Fusako Yokotoki at Human Resources.

40.     On or about April 9, 2013, Prof. Jennings made a formal demand for a correction in her placement on the pay scale in a letter to Fusako Yokotobi stating, in pertinent part, as follows:

> *"With reference to my current contract for employment as "Professor" dated August 27, 2012 and terminating June 8, 2013, please be aware of an error in the placement at CLASS II, STEP: 12 for the salary of $77,520.00. According to the Victor Valley College Agreement between Victor Valley Community College District and Victor Valley College Faculty Association California Teachers Association Chapter 1169 CCA/NEA (hereinafter referred to as the "FT Union contract"), California statutes, and regulations as defined below the correct placement should be CLASS: V, STEP 12 at the salary of $87,101.00."*

A true and correct of copy of Prof Jennings' April 9, 2013 letter to Fusako Yokotobi is attached hereto as Exhibit "7" and incorporated herein by reference as if set forth in full.

41.     Fusako Yokotobi did not reply to Prof. Jennings' letter.

---

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

42.    On or about May 17, 2013, Prof. Jennings sent an e-mail to Fusako Yokotobi requesting a reply to her demand by May 19, 2013, and on May 21, 2013, Fusako Yokotobi replied that the placement was correct based on the following statement: "Legal counsel emphasizes that a Marriage and Family Therapist license is not the equivalent of additional hours for the purpose of the salary schedule."    A true and correct copy of the May 21, 2013 letter from Fusako Yokotobi to Prof. Jennings is attached hereto as Exhibit "8" and incorporated herein by reference as if set forth in full.

43.    Prof. Jennings engaged legal counsel, Charlotte Hassett, who left a voice mail message to Fusako Yokotobi for referral to the "legal counsel" mentioned in her May 21, 2013 letter.  Counsel Jeffrey Morris returned Ms Hassett's call informing her that he had not read Prof. Jennings April 9, 2013 letter but it was his "opinion" that her placement was correct based on County Counsel's opinion.

44.    Ms Hassett requested that Mr. Morris give her the legal basis of his "opinion," which he set forth in a letter dated June 18, 2013, making an argument that Prof. Jennings' "advancement" was not appropriate.  A true and correct copy of Mr. Morris' June 18, 2013 letter to Prof. Jennings' counsel is attached hereto as Exhibit "9" and incorporated herein by reference as if set forth in full.

45.    Ms. Hassett replied to Mr. Morris that his characterization of the matter as an "advancement" was incorrect, that Prof. Jennings' request was to correct her original placement because it did not include recognition of her Marriage and Family Therapy license as an alternative qualification for counseling.  A true and correct copy of Ms Hassett's July 18, 2013 letter to Mr. Morris is attached hereto as Exhibit "10" and incorporated herein by reference as if set forth in full.

46.    Mr. Morris' response did not address his mistake of calling the issue one of advancement rather than placement.  His only response was to tell Prof. Jennings to file a grievance with the Union.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

47.     From the feedback that Prof. Jennings was getting from the Union for her position that she was incorrectly placed upon her original employment, she discovered that placement errors and corrections were routinely made by Human Resources.

48.     Fusako Yokotbi informed Prof. Jennings that the President of the college has the ability to make those corrections in placement.

49.     The Union attorney and Union regional representative supported Prof. Jennings' position and on August 19, 2013, Lisa Ellis, President of the Victor Valley College Faculty Association ("VVCFA"), sent an e-mail to Fusako Yokotobi at Human Resources stating: "After looking over the materials provided to me by Patti Jennings and her attorney, VVCFA has concluded that she was **incorrectly placed on the salary schedule** when she was hired.  We strongly suggest that you remedy this error as quickly as possible by moving her on the salary schedule from Column II to column V – the same step." [emphasis original]

50.     As the result of the fact that the Union told Human Resources to make the correction  in Prof. Jennings' placement to comply with the contract, it was unnecessary for Prof. Jennings to file a grievance with the Union.

51.     Fusako Yokotobi failed and refused to remedy the error and took an early retirement on September 1, 2013, ten days after Prof. Jennings filed her administrative complaint.

52.     When President Allan was on the faculty, he and Prof. Jennings had an intimate relationship for approximately four years, from 2003 to 2007, then a platonic relationship until May, 2011, which Prof. Jennings ended.

53.     Nonetheless,  their professional relationship seemed cordial.

54.     When Humans Resources failed to make the change, Prof. Jennings asked Dennis Henderson, a member of the Board of Trustees, for his direction, and Dennis Henderson called Peter Allan.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

55.     Peter Allan became acting President/Superintendent of the College on or about May 13, 2013 and then interim President/Superintendent on July 1, 2013.

56.     On July 31, 2013, Peter Allan requested that Prof. Jennings send him the documentation supporting her claim for "advancement."  Prof. Jennings sent him the documentation and corrected his characterization of the request as an advancement because the matter was a simple error in *placement* in 2002.

57.     At the time, Prof Jennings, hoping to keep the matter confidential, was merely requesting that the matter be corrected.

58.     By August 1, 2013, another pay period passed without Prof. Jennings' pay check reflecting an amount commensurate with her credentials or equal to pay received by the males in her department.

59.     On or about August 10, 2013, in response to Trustee Henderson's inquiry into the status of Prof. Jennings' placement correction, President Allan declared that Prof. Jennings was correct in her claim but he would not make the change because they had an intimate relationship and he feared it would look bad for him.

60.     Thereafter, President Allan did nothing to recuse himself from having the power to remedy the mistake.

61.     On or about August 23, 2013, Prof. Jennings filed an unlawful discrimination complaint with VVCCD pursuant to their administrative procedures alleging sexual harassment on the part of Peter Allan for using their sexual relationship as a means of his power over her; retaliation on the part of Fusako Yokotobi for the workplace harassment that occurred as the result of Plaintiff's simple request for equal pay; and the failure of VVCCD to place Plaintiff on the pay scale pursuant to the law because of the sexual discrimination against her. A true and correct copy of the VVCCD Unlawful Discrimination Complaint Form dated August 23, 2013 is attached hereto as Exhibit "11" and incorporated herein by reference as if set forth in full.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

62.     On or about August 25, 2013, Prof. Jennings filed a request for a right to sue under sexual discrimination and equal pay with the California Department of Fair Employment and Housing  ("CDFEH") alleging that VVCCD denied her a good faith interactive process, denied her a work environment free of discrimination and/or retaliation and denied her equal pay.  A true and correct copy of Prof. Jennings' CDFEH Employment – Right to Sue request dated August 25, 2013 is attached hereto as Exhibit "12" and incorporated herein by reference as if set forth in full.

63.     Within a few days, Defendant Peter Allan retaliated by willfully and maliciously breaching the confidentiality of Prof. Jennings' administrative complaint and VVCCD policy by immediately informing the college blabbermouth, Debra Blanchard, who in turn called Gloria Henderson, Dennis Henderson's wife, among many others.

64.     On or about September 3, 2013, Prof. Jennings received a notification from Peter Allan declaring that all Human Resource matters be referred to him.

65.     On or about September 6, 2013, Prof Jennings, still represented by Attorney Hassett, received a letter directly from Attorney Jeff Morris, representing VVCCD, acknowledging Prof Jennings' administrative complaint and informing her that Al Mendoza, Sr. of the Titan Group will be the investigator.

66.      An internet search reveals that The Titan Group, and its leader, Ed Saucerman, are notorious for sexual harassment claims from its own employees and numerous lawsuits involving harassment and intimidation.

67.     The Titan Group is listed as one of Fusako Yokotobi's "friends" on Facebook.

68.     With reservation of objections from Prof. Jennings regarding lack of confidentiality and independence, and under a claim of intimidation, Al Mendoza, Sr. interviewed Prof. Jennings, in the presence of her attorney and her Union representative

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

on November 1, 2013. Each of Prof. Jennings and Mr. Mendoza, Sr. audiotaped the interview pursuant to notice.

69.     In her interview, Prof Jennings listed three witnesses to Peter Allan's remarks about his reason for not fixing Prof. Jennings' placement as being his sexual relationship with her: Tracy Davis, Lisa Ellis and Dennis Henderson.

70.     In the interview, Mr. Mendoza, Sr. admitted that he had never conducted a sexual harassment investigation.

71.     On or about October 1, 2013, Prof. Jennings made a claim to the EEOC. A true and correct copy of Plaintiff's claim to the EEOC dated October 1, 2013, stamped "received" by EEOC on October 3, 2013 is attached hereto as Exhibit "13" and incorporated herein by reference as if set forth in full.

72.     On or about December 20, 2013, Al Mendoza, Sr. presented his report to Prof. Jennings through Jeff Morris.

73.     The report contains numerous misrepresentations of the facts and does not include interviews of any of the witnesses named by Prof. Jennings.

74.     Prof. Jennings timely gave her notice of appeal of the investigative report.

75.     In her appeal brief, Prof. Jennings included objections to the course of conduct of intimidation and harassment of VVCCD in violation of the State and Federal Codes and the VVCCD rules: in the direct contact of opposing counsel, the use of a male investigator in a female faculty member's sexual harassment claim investigation, in using people who were not disinterested in the investigation: Jeff Morris who needed to defend his "legal opinion" and The Titan Group which is "friends" with the Human Resources VP, in the breach of confidentiality afforded her by Title 5 Sec 59320.

76.     There was no hearing on Prof. Jennings' appeal and no ruling by the VVCCD Board of Directors.

77.     On or about September 17, 2013, Prof. Jennings received a right to sue letter from  the State of California Department of Fair Employment & Housing and on

December 11, 2013, she received another right to sue letter from DFEH, which Defendants also received, announcing the dual filing with EEOC.  True and correct copies of the DFEH right to sue letters are attached collectively hereto as Exhibit "14" and incorporated herein by reference as if set forth in full.

78.    On October 1, 2013, Prof Jennings filed a claim with the EEOC, and on or about June 11, 2014, Prof. Jennings received her right to sue letter from the EEOC. A true and correct copy of the EEOC right to sue letter is attached hereto as Exhibit "15" and incorporated herein by reference as if set forth in full.

79.    On or about May 21, 2014, Prof. Jennings received her 2014-2015 contract to sign.  Prof. Jennings made initialed handwritten corrections on her contract of her placement on the pay scale pursuant to Title V Sec. 53410.1, the California *Education Code* Sections 70901(b)(1) and 87356, the CTA Article 8A, and the Academic Senate Disciplines List, signed the contract and sent it back to Human Resources.

80.    On or about July 17, 2014, Prof. Jennings received a letter from the new Director of Human Resources, Trinda Best, threatening her with her assignment if she did not send the contract back without any changes.  A true and correct copy of the July 17, 2014 letter to Prof Jennings from Trinda Best is attached hereto as Exhibit "16" and incorporated herein by reference as if set forth in full.

81.    On or about July 24, 2014, Prof. Jennings, the Union President Gary Menser and Union Past President Lisa Ellis met with Trinda Best for the purpose of informing her that Prof. Jennings is a tenured professor whose contract was secure with the Union, the annual signing of the contract for the personnel file was merely a formality and there were some faculty members who never signed their contracts, so there was no reason to threaten Prof Jennings with her job merely because she did not sign her contract.

82.    Prof. Jennings signed her contract for the file with the handwritten reservations of rights under Title V and the Academic Senate Disciplines List.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

/ / /

/ / /

## FIRST CAUSE OF ACTION FOR BEACH OF CONTRACT

### (Against VVCCD and DOE DEFEDANTS)

83.    Plaintiff restates and incorporates by reference each and every allegation contained in all of the preceding paragraphs of this Second Amended Complaint.

84.    Plaintiff's employment with Defendant VVCCD is governed by California *Education Code* Sec. 87400 et seq. and a collective bargaining agreement for public employment, known as the Victor Valley College Agreement between Victor Valley Community College District and Victor Valley College  Faculty Association, California Teachers Association Chapter 1169 CCA/NEA in all of its iterations from 2002 to the present (hereinafter referred to as the "CTA" or the "collective bargaining agreement"). At issue in this instance is Article 8: COMPENSATION, Paragraph A which states as follows:

> *"A. Placement of New Full-Time Faculty on the Salary Schedule*
>
> *The Disciplines List by the Academic Senate for California Community Colleges will*
>
> *be the document used to determine academic/professional placement….*
>
> *1.    Academic Track*
>
> *a.    Class placement – Placement shall be made on the basis of academic education."*

It is Plaintiff's information and belief that this provision of the CTA has been unchanged since at least 2001.  A true and correct copy of the relevant passage of the July 1, 2010 –June 30, 2013 CTA is attached hereto as Exhibit "17" and incorporated herein by reference as if set forth in full.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

85.     The Disciplines List by the Academic Senate for California Community Colleges referred to in Paragraph A quoted above lists a bachelor's degree and a license as a Marriage and Family Therapist as an alternative qualification for counseling.  A true and correct copy of the January 2012 Disciplines List is attached hereto as Exhibit "18" and incorporated herein by reference as if set forth in full.

86.     According to Title 5 of the California *Code of Regulations* Section 53410.1 Professional License as Alternative Qualification for Disciplines, a Bachelor's degree in the discipline of the assignment plus a professional license of certification may be substituted for the minimum qualifications specified in Section 53410.1.  The license or certification so substituted must be valid in California.   The following professional licenses and certifications are acceptable:

| Discipline | License or Certification |
|---|---|
| Accounting | Certified Public Accountant |
| **Counseling** | **Marriage and Family Therapist** |
| Engineering | Professional Engineer |
| Nutritional Science/Dietetics | Registered Dietitian |

87.     According to Human Resources, Prof. Jennings was qualified for equivalency in counseling. (See Exhibit "6").

88.     Prof. Jennings was qualified for teaching psychology by her MA in Clinical Psychology.

89.     According to California *Education Code* Section 87356, compensation of faculty in California Community Colleges shall be established by the collective bargaining agreements. According to the collective bargaining agreement for VVCCD, the minimum wage at which Prof. Jennings should have been placed when she was

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

hired in 2001 for the positions teaching psychology and in counseling should have been at Column V, Step 1 at $47,500.00 per year.

90.    VVCCD breached the CTA by failing to place Prof. Jennings "on the basis of her education" according to Article 8: Compensation, Section 1a of the collective bargaining agreement, in that VVCCD hired her for those positions but did not compensate her for those positions.

91.    As the result of said breach,  VVCCD has breached its obligations and denied Plaintiff's right protected by the contract clause of the California Constitution including payment of salary which has been earned with every pay check of her employment, in amounts calculated by the difference in the pay, including interest, between Columns I and II Steps 1 through 15 and Column V, since 2001 in an amount to be proven at trial on this matter.

92.    As a result of said breach, Prof. Jennings has been damaged in an amount that is the difference in pay, including interest, from Columns I and II and Column V that has been used to calculate Prof. Jennings yearly Summer Session pay.

93.    As a result of said breach, Prof. Jennings has been  damaged in the difference in her retirement benefits and the loss of the $28,000 unnecessarily spent on PhD courses, all in a total amount to be proven at trial on this matter.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

94.     As a result of said breach, Prof. Jennings has incurred attorney's fees and costs in an amount to be proven at trial on this matter and the difference in payment has incurred interest at the statutory rate, all pursuant to *Labor Code* Section 1194.

/ / /

## SECOND CAUSE OF ACTION FOR DISCRIMINATION BASED ON GENDER

### (FEHA, GOV'T CODE SEC. 12940 ET SEQ, CALIFORNIA LABOR CODE SECTION 1197 ET SEQ, CALIFORNIA CONSITUTION ART 1 SEC 8) (Against VVCCD and Doe Defendants)

95.     Plaintiff restates and incorporates by reference each and every allegation contained in all of the preceding paragraphs of this Second Amended Complaint.

96.     At all times herein mentioned in this Second Amended Complaint, California *Government Code* Section 12940 et seq., California *Government Code* Section 12926.1, California *Labor Code* Section 1197.5 et seq., and California Constitution Article 1 Section 8 were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms, and therefore Defendants were required to refrain from discrimination on the basis of gender and from unequal pay based on gender.

97.     During her employment with VVCCD, Prof. Jennings was subjected to differential treatment based on her gender, which included, but not limited to, the following:  she is not paid the same as her male counterparts in her department based on the same credentials, or equivalent, and same workload; the VVCCD website features photographs of each of the males in her department, but not hers; placement corrections are made for the males on the faculty as a routine matter, but not in Prof. Jennings' case, despite her discrete request; she was discouraged from taking an employment benefit in favor of a male in the department "had a kid in college;" the VVCCD administration subjected Prof. Jennings to inappropriate and illegal supervision by a faculty member;

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

the VVCCD administration subjected Prof. Jennings to an evaluation procedure separate and different from those evaluations of male faculty members; and Prof. Jennings was scheduled for four workload days when the males were a given two workload days.

98.  Defendants' conduct described above is in violation of various statutes and the decisional law of California, including but not limited to the FEHA, California *Government Code* Section 12926.1, California *Labor Code* Section 218.5, California *Labor Code* Section 1197.5 et seq., and California Constitution Article 1 Section 8.

99.  As a direct and proximate result of Defendants' discrimination against Prof. Jennings, she has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, interest, other employment benefits, emotional distress, attorney's fees and costs, all to her damage in an amount according to proof at trial on this matter.

100.  Said discrimination is wrongful and justifies the imposition of punitive damages since it is against public policy.  Defendant Allan intentionally discriminated against Prof. Jennings on account of her gender, specifically citing his sexual relationship with her as his excuse to deny her equality and make her subservient to him, and thereafter embarking on a course of violating VVCCD policies insuring independent and confidential investigation of Plaintiff's administrative complaint of sexual harassment by taking over the HR department and concealing all information regarding Plaintiff's investigation from the Board of Trustees, and in doing so, Defendant Allan acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff and protecting his ego.  Based on the foregoing, Prof. Jennings is entitled to recover punitive damages in an amount deemed appropriate by this Court.

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE EQUAL PAY ACT
### (Against VVCCD and DOE Defendants)

101.  Plaintiff restates and incorporates by reference each and every allegation

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

contained in all of the preceding paragraphs of this Second Amended Complaint.

102.   29 USC Section 206 [Section 6] states, in pertinent part, as follows:

**"(d) Prohibition of sex discrimination**

**(1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."**

103.   VVCCD is an employer subject to the Equal Pay Act.

104.   VVCCD discriminates against Prof Jennings on the basis of her being a female by paying wages to her at a rate less than the rate at which VVCCD pays to male members of her department for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to any of the acceptable exceptions, in that Prof. Jennings started teaching at VVCCD with equal or greater credentials than the three males in her department, yet for the same workload and equivalent credentials, the males are paid on a higher pay scale.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

105.   VVCCD refuses to properly place Prof. Jennings on the pay scale because she is female.

106.   Prof. Jennings has heard the excuse over the years from VVCCD administration that her Marriage and Family Therapy license "does not count for anything" when, at the same time, one of the males with a Marriage and Family Therapy license makes more than she does, and one of the males makes more money based on equivalency.

107.   VVCCD attorney Jeff Morris has made the statement that the hours of training necessary for the Marriage and Family Therapy license did not come from an accredited college and that is why VVCCD does not recognize them for the purpose of placement on the pay scale while at the same time the college advanced a male on the pay scale on the basis of his hours at an unaccredited law school and passing the state bar.

108.   Notwithstanding Jeff Morris' statement, VVCCD advertised a counselor position specifically stating that an MFT was an alternative qualification for the position.  The Union told Human Resources that the law required the correction of Prof. Jennings' placement.  President Allan acknowledged that Prof. Jennings was correct in her assessment of the law, yet only as to Prof. Jennings, VVCCD refused to pay her compensation pursuant to law.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

109.   Thus, VVCCD either knew or showed reckless disregard as to whether its conduct was prohibited by statute.

110.   As the result of VVCCD's discriminatory conduct toward Prof. Jennings, she has suffered damages in lost wages in the difference in her pay at Columns I and II Steps 1through 15 and Column V, since 2001in an amount to be proven at trial on this matter.

111.   As a further result of VVCCD's discriminatory conduct toward Prof. Jennings, she has suffered damages in benefits that would have translated in her summertime pay in an amount to be proven at trial on this matter.

112.   As a further result of VVCCD's discriminatory conduct toward Prof. Jennings, she has suffered damages in the difference in her retirement benefits in an amount to be determined at trial on this matter.

113.   As a further result of VVCCD's discriminatory conduct toward Prof. Jennings, she has suffered damages in interest, in an amount to be determined at trial on this matter.

114.   As a further result of VVCCD's discriminatory conduct toward Prof. Jennings, she has incurred attorney's fees and costs, in an amount to be determined at trial on this matter.

### FOURTH CAUSE OF ACTION FOR VIOLATIONS OF
### TITLE VII OF THE CIVIL RIGHT ACT

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

**(Against VVCCD and DOE Defendants)**

115.   Plaintiff restates and incorporates by reference each and every allegation contained in all of the preceding paragraphs of this Second Amended Complaint.

116.   Title VII of the Civil Rights Act, as amended states, in pertinent part, as follows:

"**SEC. 2000e-2.** *[Section 703]*

**(a) Employer practices**

**It shall be an unlawful employment practice for an employer -**

**(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of     employment, because of such individual's race, color, religion, sex, or national origin…"**

117.   During her employment with VVCCD, Prof. Jennings was subjected to differential treatment based on her gender, which included the following:  she is not paid the same as her male counterparts in her department based on the same credentials and same workload; the VVCCD website features photographs of each the males in her department, but not hers; placement corrections are made for the males on the faculty as a routine matter, but not in Prof. Jennings' case, despite her discrete request; she was told that that she should not take advantage of an employment benefit because a male in the department "had a kid in college;" the VVCCD administration subjected Prof. Jennings to inappropriate and illegal supervision by a faculty member; the VVCCD administration subjected Prof. Jennings to an evaluation procedure separate and different from those evaluations of male faculty members; and Prof. Jennings was scheduled for four workload days when the males were a given two workload days.

118.   Defendants' conduct described above is in violation of various statutes and the decisional law of California, including but not limited to the FEHA, California

---

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

*Government Code* Section 12926.1, California Labor Code Section 1197.5 et seq., and California Constitution Article 1 Section 8.

119.   As a direct and proximate result of Defendants' discrimination against Prof. Jennings, she has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits,  attorney's fees and costs, all to her damage in an amount according to proof at trial on this matter.

120.   Said discrimination is wrongful and justifies the imposition of punitive damages since it is against public policy.  Defendants intentionally discriminated against Prof. Jennings on account of her gender, and in doing so, Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring her. Based on the foregoing, Plaintiff is entitled to recover punitive damages in an amount deemed appropriate by this Court.

## FIFTH CAUSE OF ACTION FOR SEXUAL HARASSMENT
### (Violation of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e et seq.)
### (Against VVCCD and DOE Defendants)

121.   Plaintiff restates and incorporates by reference each and every allegation contained in all of the preceding paragraphs of this Second Amended Complaint.

122.   By using his sexual relationship with Prof. Jennings as his sole reason for his failure to correct her original placement on the pay scale while having the power to do so, VVCCD and Defendant Peter Allan engaged in unlawful sexual harassment creating a hostile work environment.

123.   In taking these actions, Defendant Peter Allan was motivated in whole or in part by his  sexual relationship with Prof. Jennings.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

124.   Had the motivation for refusing to correct Prof. Jennings' placement not been based on his sexual relationship with Prof. Jennings, he should have recused himself from having the power over her, but he failed to recuse himself in order to keep his power over her.

125.   Defendants' actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.

126.   As a direct and proximate result of Defendants' unlawful conduct, Prof. Jennings has suffered and will continue to suffer prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, depression, and extreme and severe mental anguish and emotional distress.  Prof. Jennings has suffered and continues to suffer loss of earnings and interest thereon, and loss of other employment benefits. Prof. Jennings is therefore entitled to general and compensatory damages in amount to be proven at trial on this matter.

## SIXTH CAUSE OF ACTION FOR RETALIATION
### (Violation of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e et seq.)
### (Against VVCCD and DOE Defendants)

127.   Plaintiff restates and incorporates by reference each and every allegation contained in all of the preceding paragraphs of this Second Amended Complaint.

128.   By making public statements about Prof. Jennings' confidential complaint and subjecting her to a sham investigation by a male investigator friendly to the

VVCCD Human Resources Department, who had never done a sexual harassment investigation before, VVCCD not only violated its own rules for processing a discrimination complaint with independence and confidentiality, but also engaged in retaliatory conduct against Prof. Jennings, which continues to the present with letters threatening Prof. Jennings with her job.

129.   Defendants' action violate Title VII of the Civil Rights Act.

130.   As a direct and proximate result of Defendants' unlawful conduct, Prof. Jennings has suffered and will continue to suffer physical injuries including fatigue, depression, insomnia, and heart palpitations.  She has sustained prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, depression, and extreme and severe mental anguish and emotional distress.  Prof. Jennings has suffered and continues to suffer loss of earnings and loss of other employment benefits.  Prof. Jennings is therefore entitled to general and compensatory damages in amounts to be proven at trial in this matter.

**SEVENTH CAUSE OF ACTION FOR SEXUAL HARASSMENT**
**(Violation of California Government Code Section 12940 (j))**
**(Against VVCCD, Peter Allan, and DOE Defendants)**

131.   Plaintiff restates and incorporates by reference each and every allegation contained in all of the preceding paragraphs of this Second Amended Complaint.

132.   At all relevant times herein, and in violation of California *Government Code* Section 12940, subdivision (j), Defendants engaged in unlawful sexual harassment against Prof. Jennings.  Defendants and its agents and employees harassed Prof. Jennings and failed to take immediate and appropriate corrective action.  The harassment was sufficiently pervasive and severe as to alter the conditions of employment and create a hostile or abusive work environment.  Defendants are liable for Prof. Jennings' hostile work environment and the sexual harassment against her.

133.   As a direct and proximate result of Defendants' unlawful conduct, Prof. Jennings has suffered and will continue to suffer physical injuries, including but not limited to fatigue, depression, severe insomnia and heart palpitations.  She has sustained prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, depression, and extreme and severe mental anguish and emotional distress.  Prof. Jennings has suffered and continues to suffer loss of earnings and loss of other employment benefits.  Prof. Jennings is therefore entitled to general and compensatory damages in amounts to be proven at trial on this matter.

134.   The conduct of Defendant Allan, as described herein, is malicious, fraudulent and oppressive and done with a willful and conscious disregard for Prof. Jennings' rights, and for the deleterious consequences of his actions.  Defendant Allan not only intentionally concealed the law from Prof. Jennings, but also took control of the Human Resources Department putting himself in charge of the investigation into

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

Prof. Jennings' sexual harassment complaint required by VVCCD policy; intimidating her with a male interviewer from a firm known for sexual harassment of its own employees, who had no experience with sexual harassment interviews; concealing Prof. Jennings' administrative complaint from the VVCCD Board of Trustees; and breaching the confidentiality of Prof. Jennings' administrative complaint to members of faculty using sexual terms to explain his innocence and demean Prof. Jennings. Defendant Allan's conduct in attempting to protect his ego by destroying Prof. Jennings' professional and financial life is so vile and loathsome that it is, in fact, looked down upon by ordinary and decent people.  Consequently, Prof. Jennings is entitled to punitive damages from Defendant Allen in an amount to be proven at trial on this matter.

## EIGHTH CAUSE OF ACTION FOR RETALIATION

### (Violation of California Government Code Section 12940 (h))

### (Against VVCCD and DOE Defendants)

135.   Plaintiff restates and incorporates by reference each and every allegation contained in all of the preceding paragraphs of this Second Amended Complaint.

136.   At all times relevant herein, and in violation of California *Government Code* Section 12940, subdivision (h), Defendants retaliated, as described above, against Prof. Jennings after she complained of Peter Allan's sexual harassment of her.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

137.   As a direct and proximate result of Defendants' unlawful conduct, Prof. Jennings has suffered and will continue to suffer physical injuries, including but not limited to, fatigue, depression, severe insomnia and heart palpitations.  She has sustained prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, depression, and extreme and severe mental anguish and emotional distress. Prof. Jennings has suffered and continues to suffer loss of earnings and interest thereon and loss of other employment benefits, as well as attorneys' fees and costs.  Prof. Jennings is therefore entitled to general and compensatory damages in amounts to be proven at trial on this matter.

138.   The conduct of Defendant Peter Allan as described herein is malicious, fraudulent and oppressive and done with a willful and conscious disregard for Prof. Jennings' rights and for the deleterious consequences of Defendant Allan's actions. Consequently, Prof. Jennings is entitled to punitive damages in an amount to be proven at trial on this matter.

## NINTH CAUSE OF ACTION FOR FAILURE TO REMEDY AND PREVENT HARASSMENT AND RETALIATION
### (Violation of California Government Code Section 12940 (i))
### (Against VVCCD, Peter Allan, and DOE Defendants)

139.   Plaintiff restates and incorporates by reference each and every allegation contained in all of the preceding paragraphs of this Second Amended Complaint.

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

31

140.   In violation of California *Government Code* Section 12940, subdivision (i), Defendant and its agents and employees failed to take all reasonable steps necessary to prevent sexual harassment, and to prevent retaliation for complaining about sexual harassment.  In addition, Defendants failed to remedy such harassment and retaliation when they realized each infraction was occurring.

141.   Defendants' failure to take reasonable steps to prevent sexual harassment and retaliation fosters, creates, and encourages an environment where such harassment and retaliation are condoned, encouraged, tolerated, and ratified.

142.   As a direct and proximate result of Defendants' unlawful conduct, Prof. Jennings has suffered and will continue to suffer physical injuries, including but not limited to, fatigue, depression, severe insomnia and heart palpitations.  She has sustained prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, depression, and extreme and severe mental anguish and emotional distress. Prof. Jennings has suffered and continues to suffer loss of earnings and loss of other employment benefits.  Prof. Jennings is therefore entitled to general and compensatory damages in amounts to be proven at trial on this matter.

143.   The conduct of Defendant Peter Allan as described herein not only to use his previous sexual relationship with Prof. Jennings to prevent her from wages and benefits rightfully due her, but also to conceal Prof Jennings' sexual harassment administrative complaint from the Board of Trustees by controlling the investigation of

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

Prof. Jennings' administrative complaint as alleged herein, as well as using his position of power to encourage an environment of workplace harassment against Prof. Jennings is malicious, fraudulent and oppressive and done with a willful and conscious disregard for Prof. Jennings' right of privacy and right to employment benefits.  The conduct of Defendant Peter Allan is fraudulent, malicious and vile.  Consequently, Prof. Jennings is entitled to punitive damages in an amount to be proven at trial on this matter.

## PRAYER FOR RELIEF

WHEREFORE, Prof. Jennings respectfully requests that this Court enter judgment in her favor and against Defendants, and each of them, and award for the following relief:

## ON THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT:

1.    For compensatory damages in the difference in pay between Columns I and II and Column V, Steps 1 through 15 including pre-judgment interest thereon according to proof;

2.    For the difference in summer school pay, including pre-judgment interest thereon;

3.    For the difference retirement benefits for the time defined by statute;

4.    For $28,000 in fees paid for PhD courses;

5.      For interest, attorney fees and costs pursuant to Labor Code Section 1194 in an amount to be proven at trial on this matter; and

6.      For such other and further relief as this Court deems just and proper.

/ / /

/ / /

**ON EACH OF THE SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION:**

1.      For general, consequential and special damages, including loss of wages, past employment benefits, future employment benefits, and other employment benefits;

2.      For pre-judgment interest on lost wages and benefits;

3.      For general damages, including but not limited to damages for physical injuries and or physical sickness, according to proof;

4.      For pain and suffering, emotional distress, according to proof;

5.      For back pay and unpaid wages, pursuant to Cal. Labor Code Section 1197.5, including "liquidated damages," interest on the back pay amount, and attorney's fees and costs of suit according to proof;

6.      For punitive damages against Defendant Peter Allan in an amount deemed appropriate by this Court;

7.      For costs incurred by Plaintiff, including attorneys fees and costs of suit in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights as set forth above and based upon Cal. Labor Code section 218.5;

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

8.    For appropriate injunctive relief, including but not limited to an order restraining Defendants from engaging in further retaliatory conduct of the type of which the Plaintiff complains herein; and

9.    For such other and further relief as this Court deems just and proper.

**ON EACH OF THE SECOND, THIRD, FOURTH, SEVENTH, AND NINTH CAUSES OF ACTION:**

1.    For general, consequential and special damages, including loss of wages, past employment benefits, future employment benefits, and other employment benefits;

2.    For pre-judgment interest on lost wages and benefits;

3.    For general damages, including but not limited to damages for physical injuries and or physical sickness, according to proof;

4.    For pain and suffering, emotional distress, according to proof;

5.    For back pay and unpaid wages, pursuant to Cal. Labor Code Section 1197.5, including "liquidated damages," interest on the back pay amount, and attorney's fees and costs of suit according to proof;

6.    For punitive damages against Defendant Peter Allan in an amount deemed appropriate by this Court;

7.    For costs incurred by Plaintiff, including attorneys fees and costs of suit in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights as set forth above and based upon Cal. Labor Code section 218.5;

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

8.      For appropriate injunctive relief, including but not limited to an order restraining Defendants from engaging in further retaliatory conduct of the type of which the Plaintiff complains herein; and

9.      For such other and further relief as this Court deems just and proper.

## ON EACH OF THE FIFTH, SIXTH, AND EIGHTH CAUSES OF ACTION:

1.      For general, consequential and special damages, including loss of wages, past employment benefits, future employment benefits, and other employment benefits;

2.       For pre-judgment interest on lost wages and benefits;

3.      For general damages, including but not limited to damages for physical injuries and or physical sickness, according to proof;

4.      For pain and suffering, emotional distress, according to proof;

5.       For back pay and unpaid wages, pursuant to Cal. Labor Code Section 1197.5, including "liquidated damages," interest on the back pay amount, and attorney's fees and costs of suit according to proof;

6.      For costs incurred by Plaintiff, including attorneys fees and costs of suit in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights as set forth above and based upon Cal. Labor Code section 218.5;

7.      For appropriate injunctive relief, including but not limited to an order restraining Defendants from engaging in further retaliatory conduct of the type of which the Plaintiff complains herein; and

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES

8.     For such other and further relief as this Court deems just and proper

Dated: August 30, 2015                    Respectfully submitted,


                                 By:     _____s/s_____
                                         Charlotte Hassett Hain, Esq., Attorney for
                                         Plaintiff Patricia L. Jennings
                                 **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby respectfully demands a jury trial.



Dated: August 30, 2015                    By: _____s/s_____
                                          Charlotte Hassett Hain, Esq., Attorney for
                                          Plaintiff Patricia L. Jennings

PLAINTIFF PATRICIA JENNINGS' SECOND AMENDED COMPLAINT FOR DAMAGES